*United States v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Rosemary S. Pooler,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                                                No. 21-2314

SCOTT ALLAN SMITH,

      *Defendant-Appellant.*

_____

*For Appellee*:                        Susan Corkery, John Vagelatos, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant*:                        Darrell Fields, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Scott Allan Smith appeals from a judgment entered on September 22, 2021, in the United States District Court for the Eastern District of New York imposing a 60-month sentence following Smith's guilty plea to transmitting threats in interstate commerce in violation of 18 U.S.C. § 875(c). We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

## I

On October 2, 2015, Smith was sentenced to seven years of imprisonment for assault in the second degree and felonious restraint. He was released from

Missouri state custody in February 2019, subject to parole supervision with an ankle monitor. Approximately three months later, Smith cut off his ankle monitor and absconded from Missouri to New York.

On August 3, 2019, Smith called Jane Doe, a prosecutor for his 2015 assault conviction. Smith proceeded to threaten Doe: "I just want to tell you, you are about to die ... that little girl in the background [Doe's five-year-old daughter] is going to watch you die." Presentence Investigation Report ("PSR"), *United States v. Smith*, No. 21-2314 (2d Cir. 2021), ECF No. 58 ¶ 4. After Doe hung up, Smith sent ten separate text messages threatening her life. The first one stated: "Did you really think you were going to smirk at me in the court room for keeping me locked up for a crime I didn't commit and get away with it? 5 years I've been waiting for what's about to happen. I've fantasized about it every single night for years. Do you know what I went through because of you? You will feel my pain." *Id.* ¶ 5. Smith left a similar voicemail in which he threatened to "put a bullet in your child right in front of you" and to kill Doe. *Id.* ¶ 6. Smith was arrested in Brooklyn shortly thereafter.

On September 12, 2019, a grand jury returned a one-count indictment charging Smith with transmission of threats to injure in violation of 18 U.S.C. § 875(c). On November 9, 2020, Smith pleaded guilty to the indictment.

As relevant to this appeal, the probation department assigned Smith one criminal history point for an April 26, 2012, harassment conviction, for which he received a 10-day jail sentence. The presentence investigation report noted that "Court information provided by the Eastern District of Missouri indicates that on May 5, 2010, the defendant sent numerous threatening text messages to Ron Kuczer," a former employer, that "caus[ed] alarm or distress." PSR ¶ 32. Specifically, Smith made "threatening calls to several of the company's contractors and employees" claiming that he was "due an additional $1,000 to $8,000." *Id*. ¶ 84. In an addendum to the report, the probation office explained that the prior offense was similar to the 2019 offense because in both instances, Smith used text messages to instill fear and emotional distress and to convey threatening messages.

The district court accepted this recommendation and found Smith's total offense level to be Level 17 and Smith's Criminal History Category to be V, with a resulting Guidelines range of 46 to 57 months' imprisonment. The district court imposed a sentence of 60 months' imprisonment and three years of supervised

release on account of the "[c]ruel and calculated series of acts to terrorize a public prosecutor by a resourceful and intelligent felon with a history of violence who repeatedly threatened to kill the victim and her child." Statement of Reasons ("SOR") at 3, *United States v. Smith*, No. 19-CR-00421 (E.D.N.Y 2019), ECF No. 37.

## II

In reviewing a claim of sentencing error, we "accept the findings of fact of the district court unless they are clearly erroneous" and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *see United States v. Morales*, 239 F.3d 113, 117 (2d Cir. 2000).

Smith argues on appeal that his prior conviction for harassment in 2012 should not have led to the addition of a criminal history point. Appellant's Br. 24. We disagree.

The Guidelines provide that certain listed misdemeanor offenses—and offenses "similar to" those listed—are not counted in calculating a defendant's criminal history category. U.S.S.G. § 4A1.2(c)(1).[1] But such offenses are counted when "the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1).

---

[1] The listed offenses are "Careless or reckless driving, Contempt of court, Disorderly conduct or disturbing the peace, Driving without a license or with a revoked or

5

Smith's 2012 harassment offense was similar to his 2019 offense, and therefore the prior offense was properly counted in calculating Smith's criminal history category. *See* U.S.S.G. § 4A1.2(c)(1). In both instances, Smith made phone calls and sent threatening text messages to individuals he perceived to have harmed him. In both instances, the victims suffered emotional distress because of Smith's threatening messages. The district court did not err in reaching this conclusion.

## III

Smith argues that the district court's sentence was substantively unreasonable because of certain aspects of his background. Appellant's Br. 32.

A district court's sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Substantive reasonableness review concerns whether the sentence was "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would

---

suspended license, False information to a police officer, Gambling, Hindering or failure to obey a police officer, Insufficient funds check, Leaving the scene of an accident, Non-support, Prostitution, Resisting arrest, Trespassing." U.S.S.G. § 4A1.2(c)(1).

'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

In this case, the district court did not abuse its discretion by varying three months from the Guidelines range, given its conclusion that Smith was a "resourceful and intelligent felon with a history of violence" who waged a "[c]ruel and calculated series of acts to terrorize a public prosecutor" by "repeatedly threaten[ing] to kill [her] and her child." SOR at 3. Moreover, the district court properly considered that Smith committed this offense after absconding from parole in Missouri. The district court's sentence was reasonable in view of these aggravating factors.

\* \* \*

We have considered Smith's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court